

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK:MJB
F. #2019R01483

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 14, 2020

By E-Mail and ECF

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Aaron Weinreb
                 Criminal Docket No. 20-CR-006 (BMC)

Dear Judge Reyes:

      The government respectfully submits this letter to request a permanent order of detention with respect to the defendant Aaron Weinreb.  As further described below, the defendant poses a significant danger to the community and is a flight risk.

I.      Legal Standard

      The defendant is charged by indictment with two counts of coercion and enticement of a minor to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b).  These charges carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  See 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. § 2422).

      To rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight."  United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam).  If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight.  Id.

      To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

        (1)    the nature and circumstances of the offense charged;

>  (2) the weight of the evidence against the defendant;
>
>  (3) the history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse history, criminal history and record concerning appearance at court proceedings; and
>
>  (4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). If a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely but remains a factor for the court to consider. <u>Mercedes</u>, 254 F.3d at 436.

II.   <u>The Defendant Is a Danger to the Community and Presents a Serious Risk of Flight</u>

The defendant, a 48-year-old obstetrician-gynecologist, is charged with intentionally persuading minors to engage in illegal sexual activity. From approximately May 2019 through October 2019, the defendant used the geosocial networking and online dating application, Grinder, to meet, solicit and entice minors to engage in oral and anal sex. The defendant used an alias to disguise his identity and used a separate Internet application to conceal his cell phone number. Knowing his victims were underage, the defendant successfully enticed two minors to engage in sex with him on multiple occasions.

To satisfy his sexual addiction, the defendant engaged John Doe #1, who was only fourteen-years-old when they first met, in hyper-sexual text conversations. For instance, on or about May 18, 2019, within days of engaging in sexual activity with John Doe #1, the defendant sent a message that stated, "I was trying to demonstrate what our relationship probably is.. an older taking advantage of a vulnerable child.. I'm sorry. I didn't mean to hurt you."[1] On or about May 22, 2019, the defendant sent John Doe #1 a message that boasted, "I was strong last time…but I was just showing you what an older guy does when he is so excited and sexually aroused." On or about June 11, 2019 the defendant sent John Doe #1 a message demanding, "When can we meet that you will be really really horny and not tired??? I want you badly.. I'm available today."

In the days leading up to his arrest, law enforcement assumed the electronic identity of John Doe #1 and continued communicating with the defendant. On or about

---

[1] Typographical errors appear in the original text of the messages, and have therefore not been corrected.

2

October 24, 2019, the defendant sent a message to John Doe #1 indicating, "I do love when you suck my d**k and when we cuddle your d**k is always…solid hard."

The defendant further enticed John Doe #1 by arranging to meet at a "very nice hotel down the block.. not like the place before" where the defendant made his intentions clear by declaring "I want you to f**k me."  Three days before the scheduled sexual encounter at the "very nice hotel," the defendant asked, "are you 15 or 16? Be honest."  When the response indicated that John Doe #1 was currently fifteen and was only fourteen when they first met, the defendant replied, "Omg.. my body is shaking now."

On October 30, 2019, the defendant was arrested at the Kings Hotel, 820 39th Street, Brooklyn, New York where he arranged to meet John Doe #1 for the purpose of engaging in illegal sexual activity.  While being questioned by law enforcement, the defendant admitted to engaging in oral sex with John Doe #1 and further admitted to being "addicted" to such behavior.  During the approximately one-hour interview, the defendant mentioned approximately ten times that he has a sex "addiction" that he is unable to control despite multiple previous efforts, including therapy.

On October 30, 2019, the defendant was arraigned before United States Magistrate Judge Robert M. Levy on Complaint 19-MJ-1014 charging the defendant with just one count of enticement of a minor, in violation of 18 U.S.C. 2422(b).  In advocating for permanent detention, the government joined Pre-Trial Services' recommendation that no condition or combination of conditions could reasonably assure the defendant's return to court or the safety of the community.  In denying the government's application, Judge Levy relied, in part, on the defendant's wife's pledge to support the defendant and co-sign a $1.5 million bond and her representation that the defendant was welcome to return to their marital home in Woodmere, New York.  In noting the defendant's significant financial resources, Judge Levy restricted the defendant's access to his retirement account and restricted the sale of the wife's condominium in Florida, valued at approximately $500,000.  Notably, Judge Levy also restricted the defendant's access to electronic devices capable of accessing the Internet.

III.    Significant Change in Legal Circumstance Since the Initial Detention Hearing

Since the initial detention hearing, the defendant's circumstances have significantly changed, and each of the new items below further support permanent detention.

First, the government has identified a <u>second</u> minor victim the defendant enticed and coerced to engage in illegal sexual activity, as reflected in the indictment.  In or about September 2019, the defendant met John Doe #2, who was only sixteen-years-old, on Grinder.  The defendant subsequently engaged John Doe #2 in oral and anal sex inside the defendant's luxury sport utility vehicle. The government was unaware of this information during the initial detention hearing, and the defendant was only charged with one count of enticement in the complaint.

3

Second, the defendant violated the cyber-monitoring terms of his bond. Despite being thoroughly advised of the terms and conditions of the cyber-monitoring component of his bond, the defendant used two third-parties to conduct on-line activities for him. In a memorandum dated November 21, 2019, Pre-Trial Services apprised the Honorable Roanne L. Mann, Chief United States Magistrate Judge, of the violation and further advised that "[t]his is concerning because the cyber monitoring condition was explained in detail and he was specifically told that he may not use internet capable devices through a third party."

Third, the government has now learned that the defendant's wife, who co-signed the bond, subsequently refused to allow the defendant to live in their marital home. As a result, the defendant has been living with his parents, approximately two miles from the marital home. The defendant's wife has further separated herself from him after having successfully completed a "religious" divorce and has seriously contemplated filing for a legal divorce.

Finally, the defendant has been indicted by a grand jury, therefore establishing probable cause to believe the defendant committed the crimes for which he is charged. Additionally, the defendant is now charged with two counts of coercion and enticement of a minor to engage in illegal sexual activity, whereas he was only charged with one count originally.

IV. Discussion

The nature and circumstances of the charged crimes and the weight of the evidence strongly support detention. The defendant is charged with committing one of the most serious federal crimes involving the sexual exploitation of children. On multiple occasions, the defendant engaged two separate minors in oral and anal sex when he was more than twice their age. He used Internet applications and fake names to conceal his true identity and to avoid detection.

The evidence in this case is overwhelming. It includes, inter alia, (1) hyper-sexual chat messages that clearly demonstrate the defendant's intentional enticement and coercion of minors to engage in illegal sexual activity; (2) two identifiable and cooperative minor victims who were emotionally and sexually exploited by the defendant and (3) the defendant's admissions during his interview with law enforcement.

The defendant's admitted "addiction" to the type of illegal behavior he is charged with should be of utmost concern to this Court. This addiction poses a danger to the community, as well as John Does #1 and #2. The defendant has been unable to control his sex addiction, despite repeated efforts to do so, including therapy. The uncontrollable urge to satisfy his sexual desires poses a significant risk to future potential victims.

The defendant poses a significant risk of flight if released. The offense with which the defendant is charged, coercion and enticement of a minor, carries a statutory

mandatory minimum of ten years' imprisonment and a statutory maximum of life. 18 U.S.C. § 2422(b). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

The defendant also poses a risk of flight due to his violation of the cyber-monitoring bond condition. The violation demonstrates a willingness to disregard court orders, which potentially include orders to appear in Court. Additionally, notwithstanding the defendant's restricted access to certain assets, his significant financial resources could facilitate flight from the jurisdiction.

Finally, while the defendant's wife is still a suretor on the bond, as she has now kicked the defendant out of the home and completed a religious divorce from him, she now lacks the involvement and contact with the defendant that was anticipated at the time of his release, and therefore lacks the moral suasion anticipated at the time. "Some courts have required that each proposed suretor meet both the financial responsibility and moral suasion requirements." United States v. Batista, 163 F. Supp. 2d 222, 226 (S.D.N.Y. 2001), citing United States v. Diaz, 1998 WL 915896, *2 (S.D.N.Y. Dec. 30, 1998), and United States v. Sarivola, 1994 WL 613259, *4 (S.D.N.Y. Nov. 4, 1994).

V.  Conclusion

For the reasons set forth above, the defendant poses a significant danger to the community if released pending trial, and no combination of bail conditions will ensure the safety of the community and the defendant's continued appearance before the Court.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/   Michael J. Bushwack
      Michael J. Bushwack
      Assistant U.S. Attorney
      (718) 254-6454

cc:   Brian J. Griffin, Esq. (by E-mail and ECF)
      Clerk of Court (by ECF)