

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PTH:MJB                                  *271 Cadman Plaza East*
F. #2019R01483                           *Brooklyn, New York 11201*

March 31, 2020

By ECF
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Aaron Weinreb
            Criminal Docket No. 20-CR-006 (BMC)

Dear Judge Cogan:

        The government respectfully writes to request that a proposed stipulation concerning sensitive discovery materials that identify or tend to identify minor children, including but not limited to alleged victims or potential victims of sexual exploitation ("Sensitive Material"), be so ordered by the Court. The government makes this application because there are properly discoverable items pursuant to Rule 16 of the Federal Rules of Criminal Procedure that contain Sensitive Material. The government submits that the proposed stipulation will enable expedited production of the discoverable material, and thereby facilitate review by the defendant and his counsel. The proposed stipulation and order, which has been signed by both parties, is respectfully enclosed for the Court's consideration, and attached hereto as Exhibit A.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

      By:   /s/ Michael J. Bushwack
           Michael J. Bushwack
           Assistant U.S. Attorney
           (718) 254-6448

cc:    Clerk of Court (BMC) (by Email and ECF)
       Brian J. Griffin, Esq. and Scott E. Gross, Esq. (by Email and ECF)

# **EXHIBIT A**

PTH:MJB
F.#2019R01483

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

AARON WEINREB,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND RULE 16(d)(1)
PROTECTIVE ORDER

20-CR-006 (BMC)

        IT IS HEREBY STIPULATED AND AGREED by and between the

undersigned attorneys and the defendant AARON WEINREB, and ORDERED by the Court,

pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.      Any and all discovery material identifying, or tending to identify, in

any manner, any minor child, including but not limited to alleged victims or potential victims

of sexual exploitation, about whom the government will produce discovery ("SENSITIVE

DISCOVERY MATERIAL")[1] to the defendant and defense counsel in the above-captioned

case, and any and all copies, notes, transcripts, documents or other information derived or

prepared from such discovery material, may be used by the defendants and defense counsel

only for purposes of preparing and defending the case, including but not limited to trial, any

---

[1] SENSITIVE DISCOVERY MATERIAL shall be identified as such by the
government in its correspondence transmitting the material to defense counsel and shall be
further identified by labels bearing the prefix "SDM."

1

sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case;

2.      Any and all SENSITIVE DISCOVERY MATERIAL produced to the defendant and defense counsel by the government and any copies, notes, transcripts, documents or other information derived or prepared from such material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities (other than legal staff of defense counsel) unless they have been provided a copy of and signed this Stipulation and Order, without further Order of the Court;

3.      Where the defendant and/or defense counsel wishes to disclose any portion of the SENSITIVE DISCOVERY MATERIAL or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material to any individual other than a member of the legal staff (which includes defense investigators, project analysts, paralegals and IT staff of defense counsel), defense counsel must redact any identifying information from the document, including, legal name, social media name(s), social media account number(s), address, date of birth, any photograph or visual depiction, and Social Security number, or if defense counsel does not wish to redact the document, must make an application to the Court for authorization to make such disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

2

4.     The defendant may review the SENSITIVE DISCOVERY MATERIAL only in the presence of defense counsel or defense counsel's legal staff.   The defendant is prohibited from having possession, custody or control of the SENSITIVE DISCOVERY MATERIAL, except to the extent necessary for the defendant to review the SENSITIVE DISCOVERY MATERIAL in the presence of defense counsel or defense counsel's staff.   The defendant is further prohibited from disseminating any SENSITIVE DISCOVERY MATERIAL, and may not take SENSITIVE DISCOVERY MATERIAL, or copies thereof, anywhere outside the presence of defense counsel or defense counsel's legal staff, possess SENSITIVE DISCOVERY MATERIAL or copies anywhere outside the presence of defense counsel or defense counsel's legal staff, or provide information from SENSITIVE DISCOVERY MATERIAL to others.

5.     Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material, nor shall it preclude the defendant or defense counsel from seeking modification of the Stipulation and Order;

6.     If the defendant obtains substitute counsel or elects to represent himself pro se, the undersigned defense counsel will not transfer any portion of the SENSITIVE DISCOVERY MATERIAL or any copies, notes, transcripts, documents or other information derived or prepared from such discovery material unless and until substitute counsel or the pro se defendant enters into this Stipulation and Order or obtains an Order from the Court

3

exempting counsel or the pro se defendant from, or modifying, the provisions of the Stipulation and Order;

       7.       The defendant and defense counsel will destroy or return to the government the SENSITIVE DISCOVERY MATERIAL and all copies thereof, whether in the possession of the defendant or defense counsel (or his legal staff) who has signed this Stipulation and Order, at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of conviction(s) either at trial or by guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction(s) made by the defendant in this matter, with the exception that defense counsel may retain one copy set for its records provided the defendant is not given access to that copy set; and

8.    Any violation of this Stipulation and Order, as determined by the Court

will require, in addition to any other sanction deemed appropriate by the Court, the

immediate destruction of the SENSITIVE DISCOVERY MATERIAL and all copies thereof.

Dated:        Brooklyn, New York
              _MARCH  31_  , 2020

                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York

                               By:      _Michael J. Bushwack_

                                        Michael J. Bushwack
                                        Assistant U.S. Attorney


                                        Brian J. Griffin, Esq.
                                        Scott E. Gross, Esq.
                                        Attorneys for Aaron Weinreb



Submitted to the Court
this _____ day of _____, 2020

SO ORDERED.

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5