NB:MJB
F. #2019R01483

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          PLEA AGREEMENT

     - against -

                                               20-CR-006 (BMC)

AARON WEINREB,

          Defendant.

- - - - - - - - - - - - - - - - - - X

         Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and AARON WEINREB (the "defendant") agree to the following:

         1.      The defendant will plead guilty to the sole count of the above-captioned superseding information, charging a violation of Title 18, United States Code, Section 2422(a). The count carries the following statutory penalties:

            a.      Maximum term of imprisonment: 20 years
                  (18 U.S.C. § 2422(a)).

            b.      Minimum term of imprisonment: 0 years
                  (18 U.S.C. § 2422(a)).

            c.      Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under United States Code Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to

    not less than 5 years and up to life, as set forth above in paragraph 1(a)
(18 U.S.C. § 3583(b), (e) & (k)).

d.  Maximum fine: $250,000
(18 U.S.C. § 3571(b)).

e.  Restitution: As set forth below in paragraphs 13 through 17
(18 U.S.C. §§ 3663 and 3663A).

f.  $100 special assessment
(18 U.S.C. § 3013).

g.  $5,000 additional special assessment
(18 U.S.C. § 3014).

h.  Other penalties: Sex offender registration pursuant to the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 et seq.,[1] as set forth below in paragraph 19; criminal forfeiture as set forth below in paragraphs 6 through 12
(18 U.S.C. § 2428 and 21 U.S.C. § 853(p)).

2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of

---

[1]  Formerly 42 U.S.C. § 16901 et seq.

imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 30, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2G1.3(a)(4)) | 24 |
| Plus: | Undue Influence (§ 2G1.3(b)(2)(B)) | +2 |
| Plus: | Use of Interactive Computer Service (§ 2G1.3(b)(3)(B)) | +2 |
| Plus: | Sex Act or Sexual Conduct (§ 2G1.3(b)(4)(A)) | +2 |
| Total: | | 30 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 28 and a range of imprisonment of 78 – 97 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before March 1, 2021, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 27 and a range of imprisonment of 70 – 87 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government and the defendant agree to recommend that a range of imprisonment of 60 – 87 months is appropriate. The government and the defendant further agree that ten years' supervised release is appropriate.

      3.      The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be

entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees that, at the time of sentencing, he will not advocate for a sentence below 60 months' incarceration or for less than ten years' supervised release. In the event the defendant advocates for a term of imprisonment of 59 months or below, or for less than ten years' supervised release, he will be deemed in breach of this agreement as set forth in paragraph 5 below. The defendant further agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 97 months or below. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. §

4

3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

    5.    The Office agrees that:

        a. no further criminal charges will be brought against the defendant for: (i) coercion and enticement of two minors, John Doe #1 and John Doe #2, to engage in illegal sexual activity in or about and between May 2019 and October 2019, and (ii) coercion and enticement of a minor, John Doe #1, to travel in interstate or foreign commerce to engage in illegal sexual activity in or about and between May 2019 and October 2019, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution.

and, based upon information now known to the Office, it will

        b. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, including by advocating for a sentence below the recommended range of imprisonment contained in paragraph 2 above, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5(a)-(b).

    6.    The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 2422(a), as alleged in the above-captioned superseding information. The defendant consents to the forfeiture of all

5

right, title and interest in the following assets: (i) one (1) Google Pixel 3 cellular phone, serial number 358275090560760, seized from the defendant on or about October 29, 2019 in Brooklyn, New York (the "Forfeitable Property"). The defendant agrees that the Forfeitable Property represents: (a) property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the defendant's violation of 18 U.S.C. § 2422(a); (b) property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of such offense; and/or (c) substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 2428 and 21 U.S.C. § 853(p). The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the Forfeitable Property.

7. If the defendant fails to surrender and forfeit the Forfeitable Property, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeitable Property, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A) – (E) have been met.

8. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Forfeitable Property to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any document necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Forfeitable Property in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Forfeitable Property in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if

any third party files a claim to the Forfeitable Property, the defendant will assist the government in defending such claim.

9. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this plea agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

10. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including any notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeitable Property, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or property, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense on the Eighth Amendment, including a claim of excessive fines.

11. The defendant agrees that the forfeiture of the Forfeitable Property is not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

12. The defendant agrees to unconditionally release and hold harmless the United States and the Federal Bureau of Investigation, its officers, employees, and agents, from any and all claims, demands, damages, causes of action or suits, of whatever kind that

might now exist or hereafter exist relating to the seizure, restraint, and/or forfeiture of the Forfeitable Property.

        13.      Pursuant to 18 U.S.C. § 2259, the defendant agrees to the entry of a Restitution Order for the full amount of both victims' losses attributable to the defendant's activities. Specifically, the defendant agrees to pay restitution to John Doe #1 and John Doe #2, who are victims referenced in the Indictment. See ECF Dkt No. 16. The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of both victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

        14.      The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution to John Doe #1 and John Doe #2 for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

8

15. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of arrest, including the location of the assets and the identity of the third parties.

16. Should restitution be ordered, the parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k) & (n). The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k) & (n).

17. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to

the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

18. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

19. The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

20. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

10

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
       February 17 , 2021

                                SETH D. DuCHARME
                                Acting United States Attorney
                                Eastern District of New York

By: ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
     Michael J. Bushwack
     Assistant United States Attorney

Approved by: ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
     Nicole Boeckmann
     Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
AARON WEINREB
Defendant

Approved by:
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
Brian Griffin, Esq.
Counsel to Defendant

Approved by:
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
Scott E. Gross, Esq.
Counsel to Defendant