Aaron Weinreb
25 Dillon Drive
Lawrence, NY 11559
Aaronwmd@gmail.com
347-648-2628

FILED
Aug 2, 2024, 1:14 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

Re: <u>USA v. Weinreb</u>, 20-cr-00006-BMC

Dear Judge Cogan:

As Your Honor may recall, on October 29th, 2019, I was sentenced by Your Honor after entering a plea of guilty to violating 18 U.S.C. 2422(a) to a term of 54 months' imprisonment, and ten years of supervised release. With gratitude to God, I have completed my prison sentence and I have recently completed my stay at a half-way house.

I apologize for having to burden the Court with this request. If there was any alternative to sending this letter, I assure Your Honor that I would have followed a different path. However, I currently find myself in a family court matter before Judge Segal Blakeman of the Nassau County Family Court, in which I am filing a Modification of Visitation regarding my two youngest daughters, ages 11 and 15. Appearances notwithstanding, it is not my intention to drag Your Honor into a battle between myself and my ex-wife over visitation, but Judge Blakeman and my Probation Officer, John Lanigan have asked me to get clarification from the Court regarding the terms of my Supervised Release. (Probation Officer John Lanigan has informed me that ordinarily he has no problem granting requests received from sex offenders for unsupervised visitation, when such requests relate to their own children; however, considering my ex-wife's objection, he would like to know Your Honor's perspective on the issue.)

By my arrest, I have caused my ex-wife tremendous grief, publicly shamed her and destroyed the safety and familiarity of the world she once knew. Though I will always try, there is nothing I can do to even begin to make up for what I have "stolen" from her. Yet, I cannot sit by and not exercise my rights as my wife continues to alienate our six beautiful children away from me, their loving father. Whether my ex-wife is acting out of pure hatred and vindication, or if she truly believes it is in the best interests of our children to sever any relationship with me, I do not know. All I know is that I believe that my ex-wife is acting out of intense pain, and that I, with my poor choices that led to my arrest, am solely the cause of her pain.

My Terms of Supervised Release, a copy of which is attached hereto, states that I *"shall not associate with children under the age of 18, unless a responsible adult is present, and (I have) prior approval from the Probation Department."* My ex-wife has seized upon the term's language as the basis for objecting to my Modification of Visitation petition request, and in fact, has spared no effort in citing it to claim that Your Honor must have concluded that I am a danger

to my own children, and that she is only trying to follow Your Honor's directive to protect them from me.

It has always been my assumption that, whether in the Federal or state prison system, unless there is an actual risk of danger, the goal is always to keep families together. Children need both a father and a mother, even if one has been to prison, and especially if the parent grew from the experience and became a better person because of it. I admit to and understand my sexual addiction; I continue to be sober from anonymous sex (a behavior I once was addicted to;) and I have found peace and accepted my homosexuality. I am a better person because of my own failings.

As well, as Your Honor may recall, my crime arose from a lifetime of repressing my homosexuality and it involved males that I met through an adult online dating application. No one has ever alleged that I pose any threat to young girls, especially my own daughters.

For now, the modification motion I am filing seeks nothing more than supervised visitation with my daughters, ages 15 and 11. My goal is that in a short while, I can have unsupervised visits and return to being lovingly involved in their everyday lives. Fortunately, the decision regarding visitation does not rest with my ex-wife, and for that matter, I am not asking Your Honor to render any decision on the matter pending before the family court. The decision rests with Judge Segal Blakeman and my Probation Officer, John Lanigan, who have both asked me to request from Your Honor a clarification of my conditions.

Once again, in closing, I apologize for having to burden the Court with this request. In short, I respectfully request that the Court issue a clarification and/or allow me to have unsupervised visitation with my own children. Of course, no such visitation will take place without the approval of Judge Blakeman and Probation Officer Lanigan.

Very truly yours,

*Aaron Weinreb*

Aaron Weinreb

8/2/2024