**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

December 12, 2024

**Via Email and ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **United States v. Aaron Weinreb, 20-CR-6 (BMC)**

Your Honor,

On behalf of Aaron Weinreb, I write to clarify, or in the alternative, to move to modify, Special Condition of Supervised Release Number 6, pursuant to 18 U.S.C. § 3583(e)(2). On August 2, 2024, Mr. Weinreb first filed this request *pro se*, ECF No. 61; Your Honor issued an order "[d]eferr[ing ruling] pending Probation's receipt of defendant's sex offender evaluation and Probation's receipt of the opinion of his clinician." Dkt. Entry Aug. 8, 2024. I understand from Officer Lanigan that he has submitted the requested evaluation to this Court, and so this Court's determination is now ripe.

Mr. Weinreb seeks an Order from this Court clarifying that Special Condition Number 6 does not apply to his own minor biological daughters. Special Condition Number 6 states:

> "The defendant shall not associate with children under the age of 18, unless a responsible adult is present, and he has prior approval from the Probation Department. Prior approval does not apply to contacts which are not known in advance by the defendant where children are accompanied by a parent or guardian or for incidental contacts in a public setting. Any such non-pre-approved contacts with children must be reported to the Probation Department as soon as practicable, but no later than 12 hours. Upon commencing supervision, the defendant shall provide to the Probation Department the identity and contact information regarding any family members or friends with children under the age of 18, whom the defendant expects to have routine contact with, so that the parents or guardians of these children may be contacted and the Probation Department can approve routine family and social interactions such as holidays and other family gatherings where such children are present and supervised by parents or guardians without individual approval of each event."

When Mr. Weinreb was released on bond, and for the ensuing nearly two years (from October 30, 2019 until August 2, 2021), the conditions of his release expressly exempted his minor biological children from the non-association clause. *See* ECF Nos. 4 ("Shall not have any

1

contact or association with any individual under the age of 18, except biological children…") and 8 (clarifying that he may also associate with non-biological children, but only in the presence of their parent or legal guardian). My understanding is that neither the government nor Probation sought a change to this condition at sentencing, but did not expressly address the applicability of Special Condition Number 6.

In *United States v. Myers*, the Circuit considered this very issue, holding that the deprivation of a parent's interest in maintaining a relationship with his biological children implicates a fundamental liberty interest, protected by the Due Process Clause of the Fourteenth Amendment. 426 F.3d 117, 125-127 (2d Cir. 2005). A supervised release condition implicating a fundamental liberty interest must be "reasonably necessary" "only if the deprivation is narrowly tailored to serve a compelling government interest." *Id*. at 126. In *Myers*, the Court found that the District Court's record "was inadequate" both to identify the purported sentencing goal of the condition barring access to the defendant's son, and as to whether the condition was an "undue deprivation of liberty." *Id*. There, as here, the minor biological-children were a different gender than the victim-children, and there, as here, "the government offered no evidence to show that [Weinreb's children], [females, were] in any danger from [their] father." *Id*. at 127-128. Dr. Berrill's evaluation likewise demonstrates no risk of danger posed to his minor daughters.

Here, Special Condition Number 6, on its own terms, is inadequate to protect Mr. Weinreb's fundamental liberty interests, and lacks justification to the contrary. Mr. Weinreb's ex-wife (his children's mother) has refused to authorize Mr. Weinreb's visits with their children. Indeed, she has pursued actions in Family Court seeking to prevent his access to their children. Without her authorization, the terms of Special Condition Number 6 bar Mr. Weinreb's access to his children without recourse. We accordingly seek that clarification, or modification, here.

To be clear, any ruling of this Court on the instant request will be subject to the rulings of the Family Court Judge regarding visitation and any order of protection. Mr. Weinreb will continue to follow that Court's orders, whether they serve as a bar to any conduct, permit only supervised visitation, or any other requirement. We seek here only to clarify that this Court's terms of Mr. Weinreb's supervised release do not, on their own, prohibit his unsupervised contact with his minor daughters.

Thank you for your consideration of this motion.

Respectfully submitted,

/s/
Mia Eisner-Grynberg, Esq.
Deputy Attorney-in-Charge
Eastern District of New York
(718) 330-1257

cc:   AUSA Nadia Moore (by email and ECF) (to be assigned)
      Senior United States Probation Officer John Lanigan (by email)
      United States Probation Officer Darryl Spencer (by email)